UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 07-CV-73-HRW

TERENCE BRUCE RICHARDS                                                                   PLAINTIFF

VS:                      **MEMORANDUM OPINION AND ORDER**

UNITED STATES OF AMERICA, ET AL.                                                   DEFENDANTS

\*\*\* \*\*\* \*\*\* \*\*\* \*\*\*

Terence Bruce Richards ("Richards"), an inmate confined at the Federal Correctional Institution in Ashland, Kentucky ("FCI-Ashland"), has submitted a *pro se* civil rights complaint under 28 U.S.C. § 1331 pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [Dkt. 2] The Court has granted his motion to proceed *in forma pauperis* by separate Order.

The Court screens *in forma pauperis* complaints pursuant to 28 U.S.C. § 1915(e)(2). *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). As Richards is appearing *pro se*, his complaint is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his complaint are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court must dismiss a case at any time if it determines the action (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2).

**BACKGROUND**

In his Complaint, Richards alleges that on May 18, 2007, Defendant Officer Preston required him to provide a urine sample as part of drug screening. Richards indicates that he informed Preston that medication he was taking made it difficult or impossible to urinate standing up, and therefore he requested the "day room option," which would permit him to provide the urine sample while sitting down. Preston allegedly refused, informing Richards that prison regulations did not permit this option.

When Richards failed to provide the sample, Preston charged him with refusing to provide a urine sample, a Category 110 violation. Richards was placed in disciplinary segregation the same day. On June 7, 2007, a disciplinary hearing was held on the category 110 violation, at which time the DHO determined that there was insufficient evidence to support the charge. The charge against Richards was then dismissed and he was released from disciplinary segregation.

On July 7, 2007, Richards filed the present *Bivens* action, alleging that the Defendants' conduct constituted a violation of his Eighth Amendment right to be free from "Cruel and Unusual Punishments," negligence, willful and wanton misconduct, and false imprisonment. Richards asserts that exhaustion of his administrative remedies within the BOP would be futile because the administrative remedy process is incapable of granting him the relief he requests in this action, monetary damages.

**DISCUSSION**

42 U.S.C. § 1997e(a) requires a prisoner challenging prison conditions pursuant to 42 U.S.C. § 1983, *Bivens*, or other federal law to exhaust all available administrative remedies before filing suit in federal court. *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Wyatt v. Leonard*, 193 F.3d 876, 877-78 (6th Cir. 1999). It is the prisoner who must demonstrate that he has exhausted his administrative remedies. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). To do so, the

prisoner must plead his claims, explain with specificity the steps undertaken to utilize available administrative remedies, and attach to the complaint copies of the agency's final decision addressing his grievance. *See Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000).

Richards's contention that his failure to exhaust his administrative remedies should be excused as futile because that process cannot afford him the relief he seeks -- monetary damages -- must be rejected. While there exists a "futility exception" to the judicially-created exhaustion requirement for habeas corpus petitions, the Supreme Court expressly rejected the existence of such an exception for civil rights actions subject to the PLRA years ago. *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001) ("we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise."); *Hix v. Tennessee Dept. of Corrections*, (6th Cir. 2006); *Massey v. Wheeler*, 221 F.3d 1030 (7th Cir. 2000) (there is no "futility exception" to the PLRA's exhaustion requirement). The fact that any remedy sought by the inmate, including money damages, is not available through the grievance process is not relevant. *Freeman v. Berge*, 283 F. Supp. 2d 1009, 1011 (W.D. Wis. 2003).

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

1. This action is **DISMISSED**, *sua sponte*, without prejudice.

2. Plaintiff's "Motion[s] for Status" [Dkt. 6, 7] are **DENIED AS MOOT.**

3. The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

4. This is a **FINAL** and **APPEALABLE** order.

This October 9, 2007.

4



Signed By:
*Henry R Wilhoit Jr.*
United States District Judge

4